May it please the Court, as you know, my name is Charles Baird and I represent Ty Powellis and Ms. Thane, the owner of Ty Powellis, the owner of the liquor license. And we are here today because the Liquor Board for Charles County conditioned the modification of his liquor license, of Ty Powellis' liquor license, upon them not having go-go music in their having promoters assist them in connection with their work. Now they had, had the district court not dismissed this, I would submit to you that the attorney that was representing Ty Powellis at the time would have indicated that although there is a title in the documents of consent order that essentially was not a consent order, I would profit to the court had discovery gone forward, the attorney, Mr. Martinez, would have indicated that he had made a general request on behalf of Ty Powellis at that time that the request was denied. However, during that hearing, the Liquor Board had made numerous statements about their not wanting go-go music played, not wanting promoters involved, and not wanting parties, as you see in restrictions, and had in fact denied that request. Then they came back a second time and essentially said that if we took these things out, would you approve it? And the Liquor Board said yes, and it was in fact approved. So that was an unconstitutional condition as we have argued in our briefs from our standpoint. And then at some point Ty Powellis, even though it was a condition for their liquor license, and we readily admit they violated it, they had go-go music and on a few occasions, and it came up before the Liquor Board, and the Liquor Board revoked the modified provision of their liquor license. And it went up to the Circuit Court for Charles County, Maryland, and Charles County, Maryland affirmed the revocation of the modified portion. Now while this case was pending, during a period of time when we were going to, when I got involved, when we were considering whether to file a court to the Intermediate Court of Special Appeals of Maryland, decided to file an action. And the District Court for the District of Maryland, under 1983, for the Constitutional Rights, and it was dismissed under the Rooker-Feldman Doctrine, and we at no time, at no time, at the Federal District Court level, were we asking the court to review the decision of either, of either the Circuit Court for Charles County, and at no time were we asking any review or were we attacking the judgment for the Circuit Court for Charles County before the state action was complete. Isn't that correct? We filed it after the Circuit Court decision, but before the running of the time for the Intermediate Appeal. And the two actions, well they weren't two actions per se, but they were totally different. One is once the Liquor Board revokes your license, the only choice you have is to seek review of that revocation in the Circuit Court. And it is very limited of review as to whether the Liquor Board revocation is valid. You cannot add on a claim for compensatory damages or injunctive relief or anything like that. You're just be affirmed or reversed. That's why we filed it in the District Court for the District of Maryland, because we were seeking more than just an up or down vote as to whether revocation is valid. We were seeking an injunction. We were seeking damages for the damage that was occasioned by the conditions placed on them and the reversal. As this Court, as well as the Supreme Court, primarily Exxon, has said, that you can have two identical parallel actions. It does not divest the Federal Court, District Court of Subject Matters jurisdiction. And as we said in our brief, that we clearly understand that under certain circumstances there may be collateral and stipu issues, depending on what happens first. But in this case, the Ruckefeldman Doctrine did not prevent two parallel cases going at the same time, having the same issues, and quite frankly, the same claims. But even though the Ruckefeldman does not prohibit those type of two parallel actions, that wasn't the case here. And here we have a review of the Liquor Board revocation, whether it was valid under Maryland law. And then the Federal District Court case was a totally different case, where it violated the First Amendment of the United States Constitution. And no one is really arguing in this case that to condition a liquor license upon you not playing a certain type of music or having bands play a certain type of music in your establishment is a violation of the Constitution. How would you describe that music? Did you know about go-go music before this case? Yes, I did. Oh, man. You must be a modern man. Go-go music, as I mentioned in our brief, is primarily in the Southern Maryland, D.C. area, originated in Washington, D.C. It's a unique sound and is extremely popular in the Washington, D.C. area and the Charles County area. In fact, the individual, Chuck Brown, who was considered the go-go, I mean the godfather of go-go, who created it, so to speak, actually lived in Charles County before he passed a few years ago. But we would suggest, Your Honor, that these cases were totally different. Where does it stand now? The Court of Special Appeals is affirmed and the petition for search pending in the Court of Appeals? That is correct, Your Honor. In fact, the Court of Special Appeals in its decision stated that the issue that is current, that we had before the Federal District Court, was not So that's proof that these are not even parallel actions seeking the same types of things. I would suggest that under the Exxon case and the Vannie case that this Court has ruled that they are not discharged. We are not tacking any judgment of the Circuit Court for Charles County or any judgment of any court of the State of Maryland. Mr. Bryant, excuse me, sir, but you did raise the First Amendment issue in front of the Maryland Court of Special Appeals, did you not? Yes, Your Honor, and if you look at the Court's opinion Why don't you, why isn't, so you're saying merely because you were unsuccessful in presenting that issue to the Court of Special Appeals, you don't have a claims preclusion problem? That is correct, Your Honor. The Court of Special Appeals refused to even address it. So the Court of Appeals raised it and they refused to address the issue saying it was not preserved. Well, the claims preclusion issue is not the issue here, is it? I mean, you may be barred by claims preclusion because you could have raised it and didn't preserve it. That would be a claims preclusion, race judicata type issue. This is Rooker-Feldman and the Rooker-Feldman doctrine is basically an effort to intercept the normal appellate process under 1257. In other words, if the appeal normally goes from the State Court to the Supreme Court, you can't come over and review the State Court judgment in the Federal Court. But there may be a claims preclusion problem here. In other words, you may be barred by claims preclusion and there may be a Pullman abstention question. Well, yes. Nobody seems to be presenting these points, but I gather all we have before us is whether it's appropriate to dismiss this action for subject matter jurisdiction under Rooker-Feldman. That is exactly correct, Your Honor. We recognize that. Mr. Bryant, excuse me, I didn't mean to interrupt you. I apologize on that. But isn't the appellate court, though, this court, entitled to affirm on any basis? Yes, I believe so. We aren't limited to the theory of the District Court, are we? If there's another basis. Well, in this- Or help you with that, yeah. Well, I would suggest that we would be, because the only issue before this court is, at this point, whether there was subject matter jurisdiction in a lower court. We understand that there may potentially be other issues, like race, gender, color, and claim preclusion. And I would submit that under Maryland law, that which the court generally applies in these types of situations, Federal Court applies, it would not be a claim preclusion situation. And we are still, there's a cert petition pending, and we haven't had a resolution on that. So we don't know. But it's conceivable that it could come back. The Court of Appeals of Maryland could say that we did preserve the issue and rule in our favor. And that is a potential potentiality that may have happened. And so it would be, we might be able to use that in a District Court case. In addition- Excuse me, Mr. Bryant, though, how can you say you didn't have the opportunity, or it couldn't have been brought up? It seems to me your theory of the case is, this couldn't be a Rooker-Feldman problem, because all we were doing was proceeding in front of the Alcohol Board. And now you're saying the Maryland Court of Appeals could agree with you on the First Amendment, that your position raised in front of the Court of Special Appeals wasn't precluded. Seems to me you're arguing two very different things here. Well, I was just looking at this Court's decision, the Vannie, and this Court has indicated in that case that we could conceivably, a plaintiff can file two identical actions in both State and Federal Courts to prevent it from seeking the same relief in the Federal Court. In fact, page 719 of the Vannie case, this Court proposes a hypothetical where an employee is terminated and he files a discrimination action, not only in a State Court, a violated discrimination action, but also in Federal Court at the same time. And this Court had indicated that he would be free to proceed on both matters. And frankly, a lot depends upon, there is conceivably where a State Court may refuse to provide some relief for certain matters, but that doesn't preclude the Federal Court from nevertheless proceeding on the same identical claim. And the Supreme Court in Exxon again made that clear. You have to make clear your argument because it could be precluded under claim preclusion, it could be precluded under some form of race judicata, and also it would be subject to some kind of a stay so that the Court could consider a Colorado River stay or a Pullman stay in order to let the State proceedings complete themselves. But I think it would be helpful to the panel if you could find yourself to the scope of Rooker-Feldman, and Exxon narrowed it down quite a bit, and Verizon narrowed it down even more, indicating that if the injury, constitutional injury comes from an agency, that Rooker-Feldman doesn't apply. And that's exactly what we're arguing here, Your Honor. But you're not arguing it. Okay. Well, we clearly argued in our briefs that the liquor board's actions caused injury under 1983. We filed a lawsuit under 1983 that the injuries were as a result of those constitutional violations by the agency, and that in Rooker-Feldman does not apply in this situation, and that the District Court erred in dismissing it in his actions. And so, Your Honor, we submit that we ask the Court to reverse the District Court and ask them to let this case proceed, and we don't – well, yeah, we ask them to let the case proceed. Okay. Thank you. Thank you, Mr. Karpinski. Thank you, Your Honors. May it please the Court, Kevin Karpinski on behalf of the Rooker-Feldman Doctrine, and as Judge Niemeyer has indicated, it is a doctrine that has been narrowed, no question, based upon Exxon. But since then, this Court has acknowledged that it exists, and I would respectfully submit that this is the quintessential case where Rooker-Feldman would apply. Well, how do you address Rooker-Feldman? Rooker-Feldman is not a – the whether you're barred by it and so forth, Rooker-Feldman is a subject matter jurisdiction which recognizes the alignment of appeals so that a final judgment in a state court cannot be reviewed in a federal court, but instead has to be reviewed by the Supreme Court under the statute, and bypasses that. But in Verizon, they said if the injury is caused in court later, that Rooker-Feldman doesn't apply to that. And we recognize regularly 1983 cases filed criticizing state agency proceedings, and here they're seeking damages in the First Amendment. Now, it may be they're precluded, and the more obvious thing is I don't understand why the federal court just – you didn't just ask them to stay the hand until you finished the state process. Well, actually, Your Honor, we did. We had included in our motion to dismiss a variety of abstention doctrines that would have been applicable as well. And the district – Did you argue Pullman extension? Yes, I believe we did, Your Honor. And it was – the district court did not reach that issue. I guess the question here is, Your Honor, and I apologize because neither party nor the court, the district court, addressed Verizon. Really, the question here is what sort of relief could be granted given the facts? That's not the question. That's not the question on Exxon at all. The question is a mechanical question, is whether the federal district court's review of this case is reviewing a state court judgment that otherwise would be appealed to the Supreme Court. Well, I would respectfully submit that the cases for this court have held that really the issue is whether the decision by the federal court would be so intertwined with what the state court did. Well, you've got to look at post-Exxon cases. Exxon really, really cut back on the holdings of our court with regard to Rooker-Feldman. Well, I appreciate that, Your Honor. Rizal versus Howard County at 425 Federal Appellate 193, which is a 2011 opinion, that was a situation where the plaintiffs complained that there were various irregularities at administrative hearings and in the circuit court and then filed a 1983 claim. Your Honors, Judge Keenan and Judge Neumar, you were on that the cause of action would undermine what had occurred in the state court proceedings. In this particular case, you have a situation where a circuit court judge found that basically by agreeing to the terms of the consent order, and counsel wasn't involved in that process, but the reality is that it was a consent order. It was agreed to by the parties. I mean, you've got a very strong argument. The question is, why is this litigation going on? You have a lot of questions, and that's a pretty serious one, where you lead to a condition. Can you come back later when the condition is enforced and say it violated the Constitution? Right. And you also have arguments that this has already been decided by the state courts, and this court of special appeals decision becomes final, or if the court of appeals takes it when it becomes final, you can probably knock this action out, too. I mean, I think you got, and there are probably other arguments you have, but the question is, it's a pretty aggressive, gratuitous application of Rooker-Feldman, saying with a 1983 action brought in federal court, there's no jurisdiction because the subject of the federal action is state agency action. Well, I think what the circuit court did in this case, Your Honor, is find that there was a waiver of any sort of constitutional argument. Yeah, but that's not the issue of Rooker-Feldman. Well, it sort of is, Your Honor, because in order for the district court to do anything in this case, the district court would have to come back and say that the circuit court and the court of special appeals were wrong, that there wasn't a waiver and that I should entertain a constitutional argument when in a state court action, the state court has found that there was a waiver based on the Fells-Coin case. Well, there may be issue preclusion and plain preclusion, but there's a distinction in these doctrines. Well, no question about it, Your Honor, but still, Rooker-Feldman would apply if, in essence, the federal court would have to undermine what the state court did. The state court just affirmed the agency. That's what, you know, Rooker-Feldman, this is reading from Verizon, the Rooker-Feldman doctrine merely recognizes that 28 U.S.C. Section 1331 is a grant of original jurisdiction and does not authorize district courts to exercise appellate jurisdiction over state court judgments, which Congress has reserved to this court. The doctrine has no application to judicial review of executive action, including determination by a state administrative agency. Okay. That's exactly what we have here. But it is an attack on what the circuit court did. Well, that's what the court just said. It does not apply to judicial review of an executive action. Well, I don't believe it's necessarily an executive action. Well, it's an administrative action where when the consent order was issued, Your Honor, there's no question that the appellants in this case could have challenged it on constitutional grounds. That's not the issue under Rooker-Feldman. The question on Rooker-Feldman is whether 12 Section 1257 is being undermined. Correct. And that's the only issue. They've narrowed it down to whether the appellate review granted by 1257 to the Supreme Court is undermined. Correct. And in this particular case, Your Honor, the circuit court found that the constitutional claim failed for waiver grounds. Whether right or wrong, that's what the court found. The Court of Special Appeals affirmed that judgment on that basis among others. And so now for the district court to come back at this point, I mean, there would be no Rooker-Feldman doctrine at all. I mean, in essence, it is undermining the judgment in the decision of the circuit court and the challenge. But they failed to raise those at that time. They chose to go down the path of state court proceedings. They lost. They were the state court loser in those proceedings. They lost on the very basis that they now are asserting in federal court. And so for the district court to grant any relief at all in this case, it would have to go ahead and basically say that the by virtue of that, that is the quintessential Rooker-Feldman problem. Do you think that the fact that the federal action was filed before the state action that concluded is relevant? No. You don't think that has any significance at all? They are not parallel actions. But there was a final judgment in the sense that I think before the circuit court issued its opinion, it would have had an impact. But after the circuit court issued its opinion, I don't think it does. So the federal court had jurisdiction, but they lost it? Well, they didn't. In essence, this case, the federal case, was filed after the circuit court had issued its opinion, finding against the appellants. So you think federal court never had jurisdiction? Under these facts, given the fact the opinion had been issued by the circuit court, that's correct. I think that the appellants had lost in the state court system and that at that point, they had a judgment that had been entered under the Maryland rules against them. And that unlike the Exxon and other cases where there are parallel cases going on, in other words, there hasn't been a final determination by a state court. So the fact it was on appeal is irrelevant? I believe it is, Your Honor. I believe it is. I mean, in essence. Well, I don't understand that. I thought the whole reason for the Rooker-Feldman was to preserve the appellate review of state courts to the Supreme Court. And the case is going to the Court of Appeals, and it can be taken to the Supreme Court from there on to 1257. And that is being preserved. That's not being interfered with. Couldn't they have filed a state action under Section 1983 for damages? Contend there's an unconstitutional condition for the three years? Of course, now the condition is expired. They still have a damage action for three years. Couldn't they have filed a Section 1983 case in the state court? Well, they could, and it could have been removed, and it probably should have been dismissed under Rooker-Feldman. And then that raises what Your Honor has also raised, which is, then you get into claim conclusion and some other... That would be a state court reviewing the damage action. In other words, the argument is that the review of an agency action can only reverse the agency action. I don't think in Maryland you can get damages in the review from an agency action. That's correct, Your Honor. And so if they wanted damages for those three years for an unconstitutional condition, they'd have to file a Section 1983 case. Yeah, and they could have done that. They could have elected to do that before they lost. They'd show that they went... Well, that's a claim conclusion, but it doesn't interfere with the appellate process. In other words, it is a collateral action, and it may be barred because the state courts have already decided the issue, but it doesn't interfere with the appellate process. I mean, if they filed a state Section 1983 case, that would have gone to the special appeals, court of appeals, and Supreme Court, too. Well, that would have assumed that it would have stayed in the state court. Well, yeah. It didn't remove it, but removing it doesn't do anything. Well, it gets us to where we are right now, which is the issue of whether the district court would have jurisdiction to hear that case. Well, they'd have it under Section 1331. Well, they would have the ability of federal question jurisdiction. No question about that, Your Honor. But then the question is, is there subject matter jurisdiction? That's what Section 1331 is, subject matter. Well, true, but also then it becomes the issue of... Section 1331, I mean, Rooker-Feldman goes to the power of the court to act. Correct. Not whether it should dismiss the case because it's already been decided. Well, but it would be a different situation, Your Honor, if you had a 1983 claim that remained in state court, and then there would be issues of claim preclusion. But in this particular case... In this case, I think there's serious issues of claim preclusion. No question about it. I think there are, too, but that... Even with respect to issues that they could have raised and didn't raise under Maryland, I think they'd be barred on that, too, right? I agree, Your Honor. So it sounds to me like you're doing pretty well so far. Well, you know, on things that are not... Yeah, on other issues, but yes, Your Honor. I think that there are serious claim preclusion issues, but I also think Rooker-Feldman would apply under these circumstances. Quite frankly, if they don't apply in this case, I'm not sure under what circumstances Rooker-Feldman exists. And this Court has, since Exxon, exercised and affirmed dismissals of actions based upon Rooker-Feldman. The Howard County case is one of them. There's the Brunson case, Smalley v. Superior v. Brunson, which is another federal case. Mr. Karpinski, excuse me, are you citing to publish decisions of this Court? The Smalley v. Superior v. Brunson, I believe, is a reported opinion. Okay, some are not, though. You've been citing to some unpublished opinions during your presentation, have you not? The Howard County case, Your Honor, is, I believe, an unpublished opinion, and we requested... Okay, if you could restrict your argument to publish presidential authority of this Court, that would be helpful. Okay, well, then I would refer to the Shapiro v. Brunson case, Your Honor, which was a 2013 case where the Court found that Rooker-Feldman applied because, basically, this Court found that the federal action was intertwined with what occurred in the state court action, in the state court judgment, and that in order for any relief to be granted in the federal court, it would adversely impact what had occurred in state court, which I would respectfully submit is what we have here. For the district court, in this case, to grant any relief to the appellants, the court would have to find that, basically, the circuit court, the court of special appeals, got it wrong, and that they should entertain relief that the court of special appeals and the circuit court rejected. And, you know, there are other issues, Your Honor, but I also believe that Rooker-Feldman is equally applicable, and it's, to me, it's the textbook example. But how does a plaintiff who feels like he's wronged by the First Amendment in Section 1983 and he wants damages, how does he seek relief, if you're right? Your Honor, let me tell you how. The appellants in this case had an option, and lawyers make procedural decisions all the time. When they requested in 2013-2011 to rescind and then enter this 2012 consent order, and the Liquor Board said, we're restricting you, you can't have go-go entertainment, and you can't have... Well, I understand, but they're challenged. Before the Commissioner Board, they challenged the revocation of that modification, right? Right. Now, they have to go through the agency process to do that, right? They want their license reinstated. They actually lost their liquor license in the first instance, didn't they? Correct. And they lost the modification agreement. So the only way to challenge that is to appeal to the Circuit Court under the process in Maryland for appealing agency action. Is that right? No, not necessarily. If they wanted damages, they could have filed back in 2012, a 1983 claim. 1912. Is that when the order was revoked? When was the modification revoked and the liquor license revoked? January 9 of 2014. But my point is, Your Honor, that's what they want to challenge. That's when they got the damage. They lost the liquor license and they lost the modification order. And so they want to challenge that. And under Maryland procedure, the only way they could challenge that is to appeal the Board's decision to the Circuit Court. But they could have if they felt that the restriction was unconstitutional, Your Honor. They did feel it was unconstitutional, but they also want damages. How do they get damages? In back when it was imposed, that restriction was supposed to... They agreed to it. Okay. But they lost the liquor license as a result, too. My point is, they're not challenging that. What they're challenging is the revocation of these, one's a modification order and the other's the liquor license. Take the liquor license. Just take that. The only way they can get the liquor license back is to appeal. Now, they can make constitutional arguments, but they have to appeal to the Circuit Court. And they can't get damages. But they could have, Your Honor, they could have, as they did in the Orgain case against the City of Salisbury, they could have not gone through the administrative process and filed a federal lawsuit. And it wouldn't be precluded by Rooker-Feldman. But by including their constitutional argument... They have to forego their appellate rights to get their license back in the agency process in order to get a damage action? It's pretty strange, isn't it? Well, Your Honor, if they felt that the restriction was unconstitutional, they could have filed their federal, their lawsuit at the time. Once they lost their license, they should have gone with the Section 1983 case. That's what you're arguing. No, I'm saying that at the time that the restriction was imposed, that they felt it was unconstitutional at that point. It was unconstitutional, they're arguing later when the modification was removed. Correct. That's when they allege it. They're going to the merits. The action, there are two agency actions. One is to forfeit their license, and the other is to forfeit the modification. And they want to appeal those two orders. Now, you're saying they should just leave those orders in place and file a Section 1983 case. Is that what your argument is? Well, the license is premised upon modifications, which if they felt were unconstitutional at the time, they could have sought relief at that time. You're not avoiding my question. My question is, in order to get damages for the revocation of those two orders, you're saying they would have to abandon their appeal to the Circuit Court of Charles County? Or they could have filed it before they got a decision from the state court, finding that their claims were precluded because they had waived the right to challenge the constitutionality of it. So, Your Honor, yes. Before the Circuit Court had acted and entered a judgment, yes, I think theoretically there certainly could have been parallel action. But given what the procedural posture here is, is that they didn't do that. They waited until they lost in the Circuit Court. They raised their constitutional challenges there. The Circuit Court addressed them. The Court of Special Appeals addressed them. And now they basically have come into federal court and said, we want you to say, tell the Maryland State Court that they were wrong. And I believe that's barred by Rooker-Feldman. Unless the court has any questions, I see I'm out of time. I will submit. Thank you, Mr. Karpinski. Mr. Byrd. Thank you, Your Honor. With his argument that the Circuit Court for Charles County entered a judgment against you, you're the losing party. And you're now going to federal court to have that reversed. We're not seeking to have the Charles County decision reversed. Court could only give you relief in federal court by reversing the state court. No, that is not necessary for the federal court to reverse the state court. We're not seeking that at all. We're seeking damages occasioned by the wrong. The damages would be based on a wrongful revocation of those orders. Wrongful revocation by the state agency, not the court. We're not challenging what happened. His argument is that the court affirmed that and entered a judgment. And now the effect would be you're reversing that judgment. What's wrong with that argument? Because that's not what's happening. That's not reality. And that's not what this court and the Supreme Court has held. The Supreme Court has stated, and this court has stated, in the Devaney case, in the hypothetical that I provided earlier, that you could have an employee who has filed a claim for discrimination, claimed his employee discriminated against him, and he can file them both in state and federal court. The fact that the state court rules on that and he loses in state court does not best the federal court of jurisdiction under Rucker-Feldman. And that's all we hear about today. And this court has made clear, and it says on page 17, the fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal forbidden by Rucker-Feldman of the state court judgment. And that's what we have here. The appellant, the looking board is arguing that somehow we're seeking review of the state court judgment. Because that's the only way that the district court's decision can be affirmed. And we state it repeatedly. His argument is that the only way you get damages is to reverse the agency orders. And the state court has said the agency orders have to be affirmed. If the agency orders are affirmed, you can't get damages. I disagree. The issue is what they were affirmed for and what reasons why they were affirmed. You want damages because the orders were entered. There are reasons for it on constitutionality, but you lost on that. Well, as we said, the court refused to consider the constitutional issue that I raised. And I will submit that when we do the break- Is that part of the Rucker-Feldman doctrine, what the court considered or not considered? I'm sorry. Is that part of the Rucker-Feldman doctrine that you look into, the reasons the court gave for its necessarily reviewing a judgment of a state court? No, the Rucker-Feldman doctrine is just on subject matter's jurisdiction. Now, once we get beyond that and we start doing discovery and the like, we could deal with some of the other merits of the case. Because I would submit that the way it has been postured before the court here is not the actual factual scenario that is there. And I see my time is up as the decision- I mean, to reverse the decision of the district court and let it proceed and that this case is not barred by Roker-Feldman. All right. Thank you. We'll come down to Greek Council and then go into the next case.
judges: William B. Traxler Jr., Paul V. Niemeyer, Barbara Milano Keenan